UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAMS, | ) | CASE NO. 1:10 CV 558 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| FEDERAL BUREAU OF PRISONS, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* Plaintiff Robert Williams filed this action under 42 U.S.C. § 1983 against the Federal Bureau of Prisons ("BOP"), Elkton Federal Correctional Institution ("FCI-Elkton") Warden J.T. Shartle, FCI-Elkton Captain J. Fitzgerald, FCI-Elkton Lieutenant John Doe, FCI-Elkton Corrections Officer Chewy, FCI-Elkton Corrections Officer Gruszecki, FCI-Elkton Corrections Officer Murphy, FCI-Elkton Corrections Officer Yemma, and FCI-Elkton Nurse Fee. In the Complaint, Plaintiff alleges the Defendants were deliberately indifferent to his serious medical needs. He seeks monetary and injunctive relief.

**Background**

Mr. Williams alleges he fell from his bunk in the early morning hours of March 22, 2008 and broke his collar bone. (Doc. No. 3, Amended Complaint at ¶ 8.) He reported the injury to Officer Gruszecki, who was the unit officer on duty at the time of the incident. Officer Gruszecki contacted Lieutenant John Doe and requested emergency medical assistance for Mr. Williams. He was told there was no one on duty who could

assist. (*Id.*) Mr. Williams was directed to report for work in the dining hall as a line server. He reported the injury to Officers Murphy, Yemma and Chewy, his supervisors in the dining hall. They also requested emergency medical treatment for Mr. Williams, but their request was denied. (*Id.*) He contends he was required to stay at work for the remainder of that day. He reported for work the next day (March 23, 2008), and worked a full day. Thereafter, he went to sick call where he was seen by Nurse Fee. He states she gave him a sling, but did not provide pain medication. (*Id.* at ¶ 10.)

The following day (March 24, 2008), x-rays were taken of the shoulder. They revealed a fracture in his collarbone. He was given pain medication and was scheduled for surgery. (*Id.*)

The first surgery was performed on June 12, 2008. He claims this procedure was unsuccessful. As a result of the surgery, he lost the use of his left arm and hand. (*Id.* at ¶ 11.) A CAT scan confirmed that the surgery had not repaired the injury. A second surgery was scheduled.

Mr. Williams claims the Defendants were deliberately indifferent to his serious medical needs. He states it was obvious that he had an injury which required immediate medical attention. He contends the delay in providing initial treatment resulted in an unnecessary and wanton infliction of pain in violation of the Eighth Amendment.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)

if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

As an initial matter, the United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). A *Bivens* claim may not be brought against the Bureau of Prisons because the United States has not consented to jurisdiction for these causes of action against its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, 63 Fed. App'x 182, 184 (6th Cir. 2003) (stating that a federal prisoner cannot bring a *Bivens* action against the Bureau of Prisons). Similarly, a suit against a public servant in his or her official capacity imposes liability on the office he or she represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Mr. Williams's claims against the Defendants in their official capacities are therefore claims asserted against the United States. This Court lacks subject matter jurisdiction over the claims against the Bureau of Prisons, and the claims against the individual Defendants in their official capacities.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), overruled, in part, on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Bivens* claims may be asserted against individual Defendants in their individual capacities. Mr. Williams asserts that the Defendants were deliberately indifferent to his serious medical needs. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by "obduracy and wantonness, not inadvertence or error in good faith […]." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Complaint contains no allegations against Warden J.T. Shartle or Captain Fitzgerald. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis

of the alleged unconstitutional behavior. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). In this case, to state an Eighth Amendment claim against the Warden or Captain Fitzgerald, Mr. Williams must show that they personally engaged in actions with deliberate indifference to Mr. Williams's serious medical needs. This basic pleading standard does not require Mr. Williams to provide a detailed statement of facts, but it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A pleading that offers only legal conclusions or "a formulaic recitation of the elements of a cause of action" does not state a claim upon which relief may be granted. *Id.* Even liberally construed, the Complaint contains no allegations to support a cause of action against the Warden or Captain Fitzgerald in their individual capacities.

## Conclusion

For all the foregoing reasons, the Federal Bureau of Prisons, the Elkton Federal Correctional Institution, J.T. Shartle, and J. Fitzergald are dismissed as party defendants. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process of the remaining defendants. The Clerk's Office shall include a copy of this Order in the documents to be served upon the remaining Defendants.

**IT IS SO ORDERED**.

Dated: August 11, 2010

    _____
    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**