UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| ROBERT WILLIAMS, ) | CASE NO. 4:10-cv-0558 |
| ) | |
| Plaintiff, ) | JUDGE PEARSON |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| FEDERAL BUREAU OF PRISONS, *et al*, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | Doc. No. 22 |
| ) | |

The case is before the magistrate judge upon referral. Before the court is the motion of the remaining defendants, Elkton Correctional Officers Chewy ("Chewy"),[1] Gruszecki ("Gruszecki"), Murphy ("Murphy"), and Yemma ("Yemma") and Elkton Nurse Fee ("Fee"),[2] to dismiss the complaint of plaintiff, Robert Williams ("Williams") or, in the alternative, for summary judgment. Doc. No. 22. Williams does not oppose defendants' motion. For the reasons given below, defendants' motion should be **GRANTED** and the case dismissed with prejudice.

---

[1] "Chewy" is the name as it appears in the complaint and the caption. This defendant's actual name is John Chuey.

[2] An unnamed John Doe, alleged to be a correctional lieutenant at Elkton, also remains in the case.

I. Factual and Procedural Background

At all relevant times, Williams was a federal prisoner at the Elkton Federal Correctional Institution ("Elkton").  Williams alleges, or does not contest, the following facts.

According to Williams,[3] on March 22, 2008, he fell out of bed and broke his left collarbone.  He reported the injury to Gruszecki, who contacted the lieutenant on duty and requested emergency medical assistance.  Gruszecki was told that there was no one on duty who could provide the requested assistance.  Williams was told to report to his job as a line server at the dining hall.  When he arrived at the dining hall, he again reported his injury to the dining hall supervisors, Murphy, Yemma, and Chewy.  They also requested emergency medical assistance, and this was again denied.  Williams had to work in pain.

The following day, March 23, 2008, Williams was again directed to work his shift at the dining hall in pain.  When he attended the sick call that evening, he was not given pain medication.  The nurse on duty, Fee, instead gave him a sling for his arm.

Williams was allowed to leave work and go to sick call on March 24, 2008.  An x-ray revealed a break in his collarbone.  Williams received pain medication and was scheduled for surgery.

Williams's first surgery, on June 12, 2008, was unsuccessful.  Williams lost the use of his left arm and dexterity in his left hand.  A second surgery had to be scheduled to repair Williams's injury.

On November 11, 2009, more than a year and a half after the injury, Williams filed a Request for Administrative Remedy, Informal Resolution Form.  In his request, Williams

---

[3] It should be noted that defendants deny nearly every relevant fact that Williams alleges.

2

alleged that the staff had been deliberately indifferent to his medical needs resulting from his injury on March 22, 2008. On November 25, 2009, the "Staff Response" to the complaint replied that Fee had properly evaluated Williams, and that he had received x-rays and surgery. Williams noted on the form that informal resolution had been accomplished, and he signed the Request form to that effect. Williams did not appeal the outcome of this complaint.

On February 7, 2010, Williams filed a second Request for Administrative Remedy, Informal Resolution Form, making the same allegations as before. The Staff Response denied that the correctional staff was responsible for providing medical treatment or had the authority to send anyone outside the Elkton facility without approval from the medical staff. This time, Williams noted that the informal resolution was not accomplished before signing the form.

On February 12, 2010, Williams filed a Request for Administrative Remedy ("BP-9") with the warden at Elkton. His Request alleged the facts surrounding the incident as described above.

On March 16, 2010, Williams filed in this court a pleading entitled, "Motion to Open a Bivens Action under 42 U.S.C. § 1983 and to Expand the Time for Filing the Original Complaint until the Plaintiff Has Exhausted His Administrative Remedies" (capitalization and punctuation altered from the original). Doc. No. 1. Williams noted in the filing that his two-year statutory period for filing an action was about to expire and that he had not as yet exhausted his administrative remedies. He requested an extension of time to file a complaint until he had exhausted his administrative remedies.

On March 24, 2010, the warden filed an administrative response to Williams's BP-9.

The response denied that Williams was denied treatment when he made his complaint and asserted that his injury had been a shoulder separation rather than a broken collarbone. The warden, therefore, denied Williams an administrative remedy.

On March 28, 2010, Williams submitted a Regional Administrative Remedy Appeal ("BP-10"), appealing the warden's decision to the Regional Director.

On March 31, 2010, this court noted that Williams's filing failed to comply with Fed. R. Civ. P. 8 and had failed to file a proper complaint in the case. The court ordered Williams to file a complaint and to denominate it an "Amended Complaint" to ensure that the clerk did not file a new case in response to the complaint. The court also noted that Williams had, as yet, failed to file a complaint in the case.

On April 29, 2010, the Regional Director denied the facts alleged by Williams and rejected Williams's appeal.

Williams filed his "Amended Complaint" in this court on May 6, 2010.

On May 14, 2010, Williams submitted a Central Office Administrative Remedy Appeal, appealing the Regional Director's decision. On July 29, 2010, the General Counsel rejected Williams's Administrative Remedy Appeal, thereby exhausting Williams's administrative remedies.

## II.  Motion to Dismiss

In deciding a motion to dismiss under R. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007). A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

Documents referenced in the pleadings and central to plaintiff's claims, matters of which a court may properly take notice, public documents, and letter decisions of government agencies may be appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). Otherwise, if a party appends matters outside the pleadings to a motion to dismiss and the court considers that material, the motion must be treated as a motion for summary judgment made pursuant to Fed. R. Civ. P. 56. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009).

In the instant case, petitioners have attached certain public documents related to Williams's administrative remedies to the pleadings. Plaintiffs have also attached the affidavits of defendants and other individuals. The court shall consider the documents but not the affidavits, with the exception of the affidavit of Melissa Davidson insofar as that affidavit authenticates the proffered documents. The court thus preserves defendants' motion as a motion to dismiss.

Federal courts have long recognized that the pleadings of a *pro se* litigant must be construed liberally. *See e.g. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) ([P]*ro se* pleadings should be construed more liberally than pleadings drafted by lawyers."). As Wiiliams appears in this case *pro se*, the court shall construe Williams's pleadings liberally.

IV. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under . . . Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) ("1997(e)"). The exhaustion

5

requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). To fulfill the requirements of § 1997e, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describ[e] with specificity the administrative proceeding and its outcome." *Boyd v. Corrections Corp. of Am.,* 380 F.3d 989, 994 (6th Cir. 2004). Failure of a prisoner to demonstrate that administrative remedies have been exhausted is grounds for dismissal, and such dismissal may be *sua sponte* by the court. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). In addition, exhaustion must take place before a suit is filed in federal court; a "prisoner . . . may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

To raise a claim pursuant to the remedy described in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971), as Williams does here, a federal prisoner must first exhaust the remedies provided by the Bureau of Prisons's Administrative Remedy Program at 28 C.F.R. §§ 542.10, *et seq.* ("federal administrative remedies"). *Wilson v. United States*, 2004 WL 473997 (6th Cir. March 10, 2004). The federal administrative remedies for prisoners include (1) informal resolution, (2) initial filing of an Administrative Remedy Request, (3) appeal to the Regional Director, and (4) appeal to the General Counsel. *See* 28 C.F.R. §§ 542.10 through 542.15. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. §§ 542.15.

In the present case, Williams filed his complaint while his administrative appeals

6

were still pending. Thus, Williams failed to exhaust his administrative remedies prior to filing this action, in violation of § 1997e. His suit must, therefore, be dismissed.

Normally, a dismissal for failure to exhaust administrative remedies would be without prejudice. *See, e.g., Napier v. Laurel County, Ky.*, 636 F.3d 218 (6th Cir. 2011). In the present case, however, defendants also argue that Williams has filed this action untimely. A *Bivens* action originating in Ohio must be filed within two years of the date that the plaintiff's cause of action accrues. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1158 (6th Cir. 1991). Williams's cause of action accrued on March 24, 2008. He did not file a complaint in this case until May 6, 2010. Consequently, Williams's complaint filed outside the statutory period.[4]

Moreover, there is no argument to be made for equitable tolling. Equitable tolling of a limitations period is "sparingly bestow[ed]" and "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). In the present case, Williams waited more than 17 months before requesting his first request for an informal resolution and accepted that result. He then waited more than two months before filing his second request for an informal resolution, and it was this request that was eventually appealed to exhaustion. Williams provides no explanation for his delays in pursuing his federal administrative remedies. Consequently, there are no compelling equitable considerations that would justify equitable tolling of the statutory period in this case.

---

[4] Even if Williams were to argue that his cause of action did not accrue until after his surgery in June 2008, it would now be impossible for him to file a timely action pursuant to *Bivens* asserting the claims raised in his Amended Complaint.

7

Williams failed to exhaust his administrative remedies prior to filing this action and filed this action untimely.  For these reasons, Williams's complaint should be dismissed with prejudice.

IV.

For the reasons given above, defendants' motion should be **GRANTED** and the complaint dismissed with prejudice.

Date:  November 3, 2011                    s/ *Nancy A. Vecchiarelli*
                                            U.S. MAGISTRATE JUDGE

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.